## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ALPHA PLASTICS, INC. d/b/a ALPHA PACKAGING<br><br>        Plaintiff,<br>vs.<br><br>SMB INTERNATIONAL LLC,<br><br>**Serve:**<br><br>**Business Office**<br>**121 HWY 36, Suite 180**<br>**West Long Branch, NJ 07764**<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. |

## COMPLAINT

COMES NOW Alpha Plastics, Inc. d/b/a Alpha Packaging ("Alpha Packaging" or "Plaintiff"), and for its Complaint against SMB International, LLC ("SMB" or "Defendant"), alleges and states as follows:

## THE PARTIES

1.  Plaintiff is a corporation duly organized and existing under the laws of the State of Missouri with its principal place of business located at 1555 Page Industrial Boulevard, St. Louis, Missouri 63132.

2.  Plaintiff is a citizen of the State of Missouri.

3.  Defendant is a New Jersey limited liability company with its principal place of business located at 121 Hwy 36, Suite 180, West Long Beach, NJ 07766.  SMB can be served at its principal place of business at 121 Hwy 36, Suite 180, West Long Beach, NJ 07766.

4. SMB is a citizen of New Jersey in that the members of Defendant SMB are all residents and citizens of New Jersey.

5. Alpha Packaging and SMB are both "merchants" as that term is defined in RSMo. § 400.2-104(1).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

7. This Court has personal jurisdiction over SMB under Missouri's Long-Arm Statute, § 506.500 RSMo, because of SMB's conduct within Missouri, including transacting business within this State and making contracts within this State.

8. Further, SMB has sufficient minimum contacts with Missouri such that the exercise of personal jurisdiction over SMB in this case is consistent with the Due Process Clause of the Fourteenth Amendment.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to Alpha Packaging's claims took place in this judicial district.

## FACTUAL BACKGROUND

10. Alpha Packaging is a manufacturer, seller, and distributor of containers made from a variety of synthetic plastic materials.

11. SMB is engaged in manufacturing and packaging automotive chemicals, additives and car-care products and operates multiple manufacturing and warehousing facilities throughout the country.

12. SMB has a history of buying goods from Alpha Packaging, including stock plastic containers used to package the automotive chemicals, additives and car-care products sold to its customers.

13. SMB also engaged Alpha Packaging to warehouse purchased product until such time as SMB needed the packaging materials in the manufacturing process.

14. Between July 2016 and May 2017, SMB ordered, and Alpha Packaging subsequently shipped, certain goods in exchange for SMB's promise to make payments as set forth in the invoices (the "Goods") and provided warehousing space to SMB for purchased product

15. Alpha Packaging shipped the Goods as ordered by SMB, and SMB received the Goods.

16. Alpha Packaging provided the warehouse space as requested by SMB (the "Services").

17. Alpha Packaging generated and sent invoices for the Goods and Services between December July 2016 and May 2017 (the "Invoices"). The July 2013 Invoices sent by Alpha Packaging to SMB concerning the amount due and owing to Alpha Packaging for the Goods and Services received by SMB are attached hereto as **Exhibit A** and incorporated by reference as if fully stated herein.

18. SMB failed to make full payment on the Invoices.

19. Beginning in July 2017, and continuing through the date of this Petition, Alpha Packaging's Chief Financial Officer and its legal counsel, notified SMB that it was delinquent in its payments and made demand upon SMB for complete payment of the Invoices (the

"Demands"). A true and accurate copy of one such Demand dated July 5, 2017 is attached hereto as **Exhibit B** and incorporated by reference as if fully stated herein.

20. Upon receipt of the July 5, 2017 demand, SMB agreed to make one payment per week, with the total balance to be satisfied by the end of August, 2017.

21. SMB made an initial payment of $25,000.00 at the beginning of August, then skipped a week and sent $9,000 the week of August 14, 2017.

22. SMB has failed and refused to pay the amounts due and owing to Alpha Packaging under the Invoices.

23. As of August 17, 2017, the outstanding principal balance due and owing by SMB to Alpha Packaging under the Invoices is $252,989.19, exclusive of interest.

## COUNT I – BREACH OF CONTRACT

24. Alpha Packaging realleges and incorporates by reference the allegations set forth in Paragraph 1 through Paragraph 23 as if fully set forth herein.

25. Alpha Packaging and SMB had a mutual agreement wherein Alpha Packaging would provide the Goods ordered by SMB, and SMB would pay Alpha Packaging for the Goods and Services.

26. SMB has materially breached the agreement by failing and refusing to make payments to Alpha Packaging as required by the Invoices.

27. Alpha Packaging has been damaged by SMB's breach of the agreement in an amount not less than $252,989.19 as set forth in the most recent statement of account attached hereto and incorporated by reference as **Exhibit C**.

28. Alpha Packaging has fulfilled all of its obligations under the agreement with SMB.

WHEREFORE, Alpha Packaging prays that this Court enter judgment against SMB in the total amount of $252,989.19 together with the accrued interest on the principal balance due and owing to Alpha Packaging, and for such other and further relief as this Court deems just and proper.

## COUNT II – ACTION ON ACCOUNT

29.     Alpha Packaging realleges and incorporates by reference the allegations set forth in Paragraph 1 through Paragraph 23 as if fully set forth herein.

30.     SMB agreed to pay Alpha Packaging for the Goods and Services ordered by SMB, shipped by Alpha Packaging, and received by SMB.

31.     As evidence of this agreement, SMB generated and submitted the Purchase Orders to Alpha Packaging, Alpha Packaging shipped the Goods and provided the Services to SMB, and Alpha Packaging sent the Invoices to SMB.

32.     Under the terms of the Invoices, SMB was to pay Alpha Packaging a total of not less than $252,989.19 for the Goods and Services supplied by Alpha Packaging and received by SMB.

33.     The amounts invoiced to SMB are fair and reasonable.

34.     Alpha Packaging has made demand upon SMB for payment of the amounts due and owing under the Invoices.

35.     Despite Alpha Packaging's Demand, SMB has failed and refused to pay the amounts due and owing to SMB under the Invoices.

WHEREFORE, Alpha Packaging prays that this Court enter judgment against SMB in the total amount of $252,989.19 together with the accrued interest on the principal balance due

and owing to Alpha Packaging, and for such other and further relief as this Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT

36.     Alpha Packaging realleges and incorporates by reference the allegations set forth in Paragraph 1 through Paragraph 28 as if fully set forth herein.

37.     SMB has been unjustly enriched in the amount of $252,989.19, based upon the reasonable value of the Goods and Services provided to SMB by Alpha Packaging.

38.     To allow SMB to retain the benefit of the Goods and Services received would constitute unjust enrichment of SMB.

WHEREFORE, Alpha Packaging prays that this Court enter judgment against SMB in the total amount of $252,989.19 together with the accrued interest on the principal balance due and owing to Alpha Packaging, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

LATHROP GAGE LLP

/s/ Wendi Alper-Pressman
Wendi Alper-Pressman, #32906
Pierre Laclede Center
7701 Forsyth Boulevard, Suite 500
Clayton, Missouri 63105
Telephone: 314.613.2800
Telecopier: 314.613.2801
wpressman@lathropgage.com

**Attorneys for Plaintiff**
**Alpha Packaging**